

ATTORNEY GENERAL
STATE AGENCIES

October 18, 2021

**SENT VIA EMAIL**
Greta Kemp Martin, Litigation Director
**Disability Rights Mississippi**
5 Old River Place, Suite 101
Jackson, Mississippi 39202

    Re:    Disability Rights Mississippi's Records Request pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act")

Dear Greta:

    I write on behalf of the Department of Mental Health ("DMH") and Mississippi State Hospital ("MSH") in response to your September 21, 2021 e-mail correspondence and as a follow-up to our October 12, 2021 phone call.[1] As I stated during our call, we have considered Disability Rights Mississippi's ("DRMS") request and supporting arguments for incident reports from MSH for the last thirty (30) days and on a regular, scheduled basis thereafter. However, we continue to disagree with DRMS' interpretation of the applicable statute and the authority it claims to have. DRMS fails to describe its goals and does not define the parameters of the operation investigative monitoring it contemplates at MSH. Instead, DRMS seeks to conduct an unlimited, unbounded, and unaccompanied general operational investigation of MSH.

    As we have previously stated, we agree that DRMS does have authority to access incident reports. However, it is our view that this authority arises in only two instances: "[1] if the incidents are reported to the system or [2] if there is probable cause to believe that the incidents occurred." *See* 42 U.S.C. § 10801(b)(2)(B). Neither situation is applicable, and DRMS has not cited to any other authority for our consideration. MSH therefore believes it is not required to comply with this request as proposed. MSH is willing to cooperate with DRMS should DRMS respond with a complaint or probable cause justifying a request for incident reports, including but not limited to, a date the alleged incident occurred and an individual specified in its request.

    To further clarify our position, the cases DRMS relied upon in responding to our August 27, 2021 correspondence have entirely different facts and provide no merit for

---

[1] DMH and MSH note that DRMS sent MSH a letter on October 15, 2021. A separate response will be submitted to DRMS regarding that correspondence.

550 HIGH STREET • SUITE 1200 • JACKSON, MISSISSIPPI 39201
POST OFFICE BOX 220 • JACKSON, MISSISSIPPI 39205
TELEPHONE (601) 359-3680

Exhibit C

Greta Kemp Martin
October 18, 2021
Page 2

DRMS' argument. For example, in *Advocacy Inc. v. Tarrant County Hospital District d/b/a John Peter Smith Hospital,* Advocacy Inc. received a letter from the Health Care Financing Administration reporting that Robert Swain died at John Peter Smith Hospital. To be clear, this incident was *reported* to the system. The Court held, in relevant part: "The court declares that the Hospital District's failure to grant Advocacy, Inc. prompt access of the records to Swain or other individuals with mental illness receiving care or treatment at a John Peter Smith facility, ***when there exists a complaint or probable cause to believe that the person has been or is at risk for abuse and neglect***, compromises Advocacy, Inc. in the performance of its duties and violates Advocacy, Inc.'s rights under 42 U.S.C. 10801 et seq. and 42 U.S.C. 1983." As distinguished from DRMS' request at hand, the advocacy group in this case was discharging its duty pursuant to a complaint reported to them.

      In the next case provided by DRMS, *Advocacy Center v. Richard Stalder*, Advocacy Center *received a complaint* from William Ford, an inmate at a correctional center, that a physician had taken him off medication controlling his symptoms that would eventually deteriorate his condition. The crux of this case was the facility denying records to Advocacy Center when inmates were sending complaints directly to Advocacy Center. The defendants were enjoined from declining to release the records of Ford or any other inmate when *properly requested* by the plaintiff for any purpose related to the PAIMI Act. This is also easily distinguishable from the facts at hand.

      Lastly, in *JH v. Hinds County*, it primarily dealt with access to individuals, not incident reports. In fact, it does not appear to involve the same statute presently argued by DRMS. Regardless, DRMS presented *probable cause* that the Henley Young facility continued to house a significant percentage of youths with mental illness. *See* Angela Robertson & Jonelle Husain, *Prevalence of Mental Illness and Substance Abuse Disorders Among Incarcerated Juvenile Offenders* 2, 20, 27 (2001). This situation simply has not occurred here.

      As you know, MSH regularly reports incidents to the Attorney General's Office and the Mississippi State Department of Health. It may be that DRMS can access these reports from these two offices, but that would be an avenue for you to explore.

      For the foregoing reasons, MSH denies your request. Should you have any questions or would like to discuss further, please do not hesitate to contact me.

      With best regards, I am,

Sincerely,

/s/ *MaCall M. Chastain, Esq.*
Special Assistant Attorney General

Greta Kemp Martin
October 18, 2021
Page 3

cc:  Wendy D. Bailey, Mississippi Department of Mental Health
     Cyndi T. Eubank, Mississippi Department of Mental Health
     James G. Chastain, Mississippi State Hospital