

ATTORNEY GENERAL
STATE AGENCIES

October 28, 2021

**SENT VIA EMAIL**
Greta Kemp Martin, Litigation Director
**Disability Rights Mississippi**
5 Old River Place, Suite 101
Jackson, Mississippi 39202

    Re:    Disability Rights Mississippi's Probable Cause Notices Pursuant to Protection and Advocacy for Persons with Development Disabilities ("PADD") and Protection and Advocacy for Individuals with Mental Illness ("PAIMI")

Dear Greta:

    I write on behalf of the Department of Mental Health ("DMH") in response to the ten (10) letters dated October 15, 2021 that were sent to DMH's mental health hospitals[1] and intellectual and developmental disability programs.[2]

    To briefly recap our recent exchanges, DRMS requested incident reports from Mississippi State Hospital ("MSH") on August 17, 2021 for the last thirty (30) days and on a regular, scheduled basis thereafter. DMH responded on August 27, 2021 that MSH would not release the incident reports without sufficient probable cause or notice that a complaint was reported to DRMS. During our Zoom conference on September 17, 2021, you indicated that you would provide the authority DRMS relied upon in requesting the incident reports from MSH. On October 12, 2021, after we had sufficient time to review the case law DRMS provided, we informed DRMS that its request was improper per 42 U.S.C. § 10801(b)(2)(B), and the case law provided no merit to DRMS' proclaimed authority. We responded formally in writing on October 18, 2021.

    Rather than provide sufficient probable cause or present a complaint to MSH, DRMS sent ten (10) boilerplate letters to each of DMH's programs, including MSH, requesting that each program allow "access to any and all incident reports which occurred during the months of August and September of 2021 as well as the incident reports which

---

[1] Mississippi State Hospital; Central Mississippi Residential Center; East Mississippi State Hospital; North Mississippi State Hospital; and South Mississippi State Hospital.
[2] Ellisville State School; Boswell Regional Center; North Mississippi Regional Center; South Mississippi Regional Center; and Hudspeth Regional Center.

550 HIGH STREET • SUITE 1200 • JACKSON, MISSISSIPPI 39201
POST OFFICE BOX 220 • JACKSON, MISSISSIPPI 39205
TELEPHONE (601) 359-3680

Exhibit E

Greta Kemp Martin
October 28, 2021
Page 2

have been filed thus far in the month of October 2021." DRMS bases these requests on a determination of "probable cause" that there is consistent and ongoing abuse and/or neglect at all ten of DMH's programs. However, DRMS provided no individualized probable cause for any of the programs. Additionally, DRMS did not provide the necessary foundation of identifying probable cause that an incident, abuse, or neglect *has occurred*. Rather, DRMS' request is a broad, dragnet carte blanche attempt to require DMH's programs to regularly report incident reports to DRMS when there is no justification for doing so. This requirement would make DRMS more like a regulatory agency rather than an advocacy group. Notably, had sufficient probable cause existed in DRMS' first letter to MSH on September 17, 2021, we believe that DRMS would have presented it at that time.

We note that DRMS is the final arbiter of probable cause for the purpose of triggering its authority to access all records for **individuals** that might have been subject to abuse and neglect. However, we believe that this rule is distinguishable from the circumstances at hand, and we do not agree that DRMS' authority includes regulatory reporting of every incident report that may have occurred for the specified time period and on an ongoing basis thereafter.

DMH has indicated on several occasions that it is willing to cooperate with DRMS. Unless DRMS' request is narrowed to a complaint or <u>sufficient</u> probable cause justifying a request for incident reports, including but not limited to, a date the alleged incident occurred and an individual specified in its request, none of DMH's programs will comply at this time. Otherwise, we refer you to 42 U.S.C.A. §§ 10805, 10806. (When seeking records that relate to a facility or other individuals in the facility who were not the initial subjects of the report of abuse or neglect, a protection and advocacy system is required to articulate to the facility the bases of its finding of probable cause to believe there is a systemic problem or other specific individuals have been subjected to abuse or neglect; if the parties cannot agree as to whether there is probable cause sufficient to necessitate the production of the requested documents, they may seek judicial review.)

For the foregoing reasons, DMH denies your request. Should you have any questions or would like to discuss further, please do not hesitate to contact me.

With best regards, I am,

                                   Sincerely,

                                   <u>/s/ MaCall M. Chastain, Esq.</u>
                                   Special Assistant Attorney General

cc:    Polly Tribble, Disability Rights Mississippi
        Wendy D. Bailey, Mississippi Department of Mental Health
        Cyndi T. Eubank, Mississippi Department of Mental Health
        Mississippi State Hospital
        Central Mississippi Residential Center
        East Mississippi State Hospital

Greta Kemp Martin
October 28, 2021
Page 3

        North Mississippi State Hospital
        South Mississippi State Hospital
        Ellisville State School
        Boswell Regional Center
        North Mississippi Regional Center
        South Mississippi Regional Center
        Hudspeth Regional Center